UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------
In re:                                                                    Case No.: 13-45262

    *Sophronis V. Mantoles,*
                                                               Chapter 13 Case
        Debtor.
------------------------------

**NOTICE OF HEARING AND MOTION OBJECTING TO CONFIRMATION
OF CHAPTER 13 PLAN AND FOR DISMISSAL OF CASE**

TO:  All parties in interest pursuant to Local Rule 9013-3.

     1.     Gregory A. Burrell, chapter 13 trustee, moves the court for the relief requested below and gives notice of hearing.

     2.     The court will hold a hearing on this motion at 10:30 a.m. on April 17, 2014, in Courtroom No. 8 West, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

     3.     Any response to this motion must be filed and delivered not later than 10:30 a.m. on April 16, 2014, which is 24 hours (1 business day) before the time set for the hearing, or filed and served by mail not later than April 14, 2014, which is three business days before the time set for the hearing.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

     4.     This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this chapter 13 case was filed on October 30, 2013.  The case is now pending in this court.

     5.     This motion arises under 11 U.S.C. §§ 1307, 1322 and 1325 and Bankruptcy Rule 3015.  This motion is filed under Bankruptcy Rule 9014 and Local Rules 9006-1, 9013-1 through 9013-5, and such other Local Rules as may pertain.  The trustee requests relief with respect to denial of confirmation of the debtors' proposed chapter 13 plan.

     6.     The plan, as modified on April 2, 2014, provides that the debtor will pay the Trustee $270.00 per month for 53 months and $585 per month for 7 months, for a total of $18,405.00 (the "Plan Funds").

     7.     The plan calls for the plan funds, net of the trustee's estimated fee, to be disbursed first in payment of attorney fees in the estimated amount of $465.00, then to a secured claim for

a vehicle loan in the amount of $11,889.00, and the balance, in the approximate amount of $4,035.00 in partial payment of the debtor's non-priority unsecured creditors who timely file proofs of claim. The debtor estimates total unsecured debt at $147,094. Thus, the dividend to this class of creditors is projected to be approximately 3%.

8.    The plan also provides that the debtor pay directly to Everhome Mortgage payments on the debtor's homestead mortgage. According to the debtor's Schedule I, on file herein, the amount of this monthly payment is $1,900.00.

9.    The $315 step-up in payments in month 54 (April 29, 2018) appears to be based on the payoff of the non-filing spouse's automobile loan, which is listed on the debtor's amended Schedule J, docket number 26. The debtor filed a loan statement for this vehicle as an exhibit to his affidavit in response to the trustee's objection to the debtor's previously previously proposed plan. The affidavit and exhibits are on file as docket number 19. According to that statement, the vehicle loan called for monthly payments of $338.36 for 73 months starting October 27, 2008. Based on this statement, the last loan payment should be in October 2014. The trustee contends that the step-up in plan payments should be for the amount of $338 and should be in November 2014.

10.    On April 5, 2014, the debtor filed an amended Schedule J showing a food budget of $900 per month and a transportation budget of $770 per month ($650 on line 8 and $120 on line 11d of Schedule J). The trustee contends that both the food budget and transportation budgets are overstated. The trustee notes that the IRS standard for food for a household of four is $777.[1] Because the Mantoles household includes two members who are below the age of two years old and the IRS standard would be for four adults, the trustee contends that the food budget of $900 is significantly overstated. The trustee further notes that the IRS standard for transportation operating costs for two cars is $424 per month.[2] The debtor has not provided any support for a transportation budget that exceeds the IRS standards. Therefore, the trustee contends that expenses are overstated and the debtor is not devoting all disposable income to the plan.

11. The trustee objects that the plan fails the disposable income requirement of 11 U.S.C. § 1325(b)(2).

This motion incorporates by reference the debtors' schedules and statements on file herein.

12.    If necessary, the debtors and an employee of the trustee may be called to testify at the hearing on the motion.

WHEREFORE, the trustee moves the court for an order denying confirmation of the debtors' proposed chapter 13 plan and such other relief as may be just and equitable.

---

[1] http://www.justice.gov/ust/eo/bapcpa/20140401/bci_data/national_expense_standards.htm
[2] http://www.justice.gov/ust/eo/bapcpa/20140401/bci_data/IRS_Trans_Exp_Stds_MW.htm

|  |  |
|---|---|
|  | Gregory A. Burrell, Chapter 13 Trustee |
| Dated: April 9, 2014 | Signed: /e/ Karl J. Johnson |
|  | Karl J. Johnson, ID # 391211 |
|  | Margaret H. Culp, ID # 180609 |
|  | Counsel for Chapter 13 Trustee |
|  | 310 Plymouth Building |
|  | 12 South 6th Street |
|  | Minneapolis, MN 55402 |
|  | (612) 338-7591 |

## VERIFICATION

I, Karl J. Johnson, employed by the chapter 13 trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: April 9, 2014        Signed: /e/ Karl J. Johnson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:                                                                          Case No.: 13-45262

    *Sophronis V. Mantoles*,

                         Debtor.                                    Chapter 13 Case

------------------------------

**MEMORANDUM IN SUPPORT OF OBJECTION TO CONFIRMATION AND MOTION TO DISMISS**

FACTS

The trustee relies upon the facts set forth in his verified motion which, for the sake of brevity, will not be repeated here.

LEGAL DISCUSSION

Bankruptcy Code section 1325(b)(1) requires, alternatively, that in order to survive an objection by the Chapter 13 Trustee or an unsecured creditor, a plan must either pay all claims in full, or provide that all of the debtor's projected disposable income for the next five years will be applied to make payments under the plan.

"Disposable income" is defined in 11 U.S.C. § 1325(b)(2)(A) and (B) as "income which is received by the debtor and which is not reasonably necessary to be expended . . . for the maintenance or support of the debtor or a dependent of the debtor, . . .; and, if the debtor is in engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business."

In this case, it does not appear that the debtor is committing all of his projected disposable income for the next 5 years to make payments under the plan for two reasons. First, he proposes to step-up the plan payments to account for his non-filing spouse's vehicle only in April 2018 even though the loan statement that he filed with this court says that the loan will be paid off in October 2014. Second, the debtor appears to be overstating household expenses. The food budget of $900 is 14% higher than the IRS standard and the transportation budget of $770 is 83% higher than the IRS standard. While individual debtors may have reasonably necessary expenses that are lower or higher than the IRS standards, the trustee considers the IRS standards to be a good starting point for determining whether household expenses are reasonably necessary. In this, the debtors have not demonstrated that their food and transportation budgets should be significantly higher than the IRS standards. Until such time as it is established that the Debtor has met the requirements of 11 U.S.C. § 1325(b)(2)(B), confirmation should be denied.

## CONCLUSION

For the reasons stated herein, confirmation should be denied.

Respectfully submitted:

Dated: April 9, 2014              Signed: /e/ Karl J. Johnson
                                                     Karl J. Johnson, ID # 391211
                                                     Margaret H. Culp, ID # 180609
                                                     Counsel for Chapter 13 Trustee
                                                     310 Plymouth Building
                                                     12 South 6th Street
                                                     Minneapolis, MN 55402
                                                     (612) 338-7591

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:                                                            Case No.: 13-45262

*Sophronis V. Mantoles,*

                                                                                     Chapter 13 Case

             Debtor.

------------------------------

## UNSWORN DECLARATION FOR PROOF OF SERVICE

      I, Dawn Kassa, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on April 9, 2014, I served Notice of Hearing and Motion Objecting to Confirmation of Chapter 13 Plan and for Dismissal of Case, Memorandum in Support of Objection to Confirmation and Motion to Dismiss, and proposed Order on all filing users and others who have consented to electronic service in this case, by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individual(s) listed below, in the manner described:

**By first class U.S. mail, postage prepaid:**
Sophronis V. Mantoles
1515 Clarendon Drive
Wayzata, MN 55391

      And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: April 9, 2014                                                           /e/ Dawn Kassa

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------

In re:                                                    Case No.: 13-45262

*Sophronis V. Mantoles*,
                                                          Chapter 13 Case
          Debtor.

------------------------------

# ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND DISMISSING CASE

This case is before the court on the trustee's objection to confirmation of the debtor's chapter13 plan and motion to dismiss.

Based on the motion and the file:

IT IS ORDERED:

1. Confirmation of the debtor's chapter 13 plan is denied.
2. This case is dismissed.

_____
Kathleen H. Sanberg
United States Bankruptcy Judge